UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------x
ORUCH LOWENBEIN, on behalf of himself
and all others similarly situated,

                    Plaintiff,

    -against-

REDLINE RECOVERY SERVICES, LLC,
       Defendant(s).

-------------------------------------------x

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**
11-cv-00221

Defendant, REDLINE RECOVERY SERVICES, LLC., by their attorney, MEL S. HARRIS AND ASSOCIATES, LLC, answers plaintiff's Amended complaint as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Plaintiff's Amended Complaint.

2. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Plaintiff's Amended Complaint.

3. Defendant admits having an office in Fulton County Georgia. Defendant further admits having an office in Amherst, NY.

4. Defendant admits it is in the business of collecting unpaid accounts.

5. Defendant admits it in certain circumstances it may be considered a debt collector under the FDCPA.

6. Defendant admits the allegations contained in Paragraph 6 of the Plaintiff's Amended Complaint.

7. Defendant admits that venue is proper.

8. Defendant admits it attempted to collect an unpaid account from Plaintiff.

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Plaintiff's Amended Complaint.

10. Defendant admits leaving a message on June 21, 2010. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 10 of the Plaintiff's Amended Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Plaintiff's Amended Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Plaintiff's Amended Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the plaintiff's amended complaint.

14. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

15. Defendant denies the allegations contained in Paragraph 15 of the Plaintiff's Amended Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Amended Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Amended Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Plaintiff's Amended Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Plaintiff's Amended Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Plaintiff's Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Plaintiff's Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Plaintiff's Amended Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Amended Complaint.

22. Plaintiff has included two (2) paragraph 22s in the plaintiff's amended complaint. Defendant incorporates by reference the above paragraphs of this answer as if fully stated therein.

25. Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Amended Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Plaintiff's Amended Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Plaintiff's Amended Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Plaintiff's Amended Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Plaintiff's Amended Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Plaintiff's Amended Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Plaintiff's Amended Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Plaintiff's Amended Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Plaintiff's Amended Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Plaintiff's Amended Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Plaintiff's Amended Complaint.

36. Defendant denies all remaining allegations contained in Plaintiff's amended complaint not specifically admitted herein.

## FIRST DEFENSE

37.  Plaintiff's Amended Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

38.  Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

## THIRD DEFENSE

39.  Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, et. seq.

WHEREFORE, Defendant prays that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed

to Plaintiff; and for such other and further relief as the Court deems just and proper.

Dated: New York, NY
       June 13, 2011

_____
Arthur Sanders (AS1210)
MEL S. HARRIS AND ASSOCIATES, LLC
Attorneys for Defendant
5 Hanover Square  - 8th Floor
New York, NY  10004
212-660-1050